IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZACHARY BOUVIER TAYLOR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WALTER BERRY, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 2:15cv343-MHT<br>(WO) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Zachary Bouvier Taylor ("Taylor"), a Georgia inmate incarcerated at Central State Prison in Macon, Georgia, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.  Doc. No. 1.  In the petition, Taylor challenges the validity of his February 2015 murder conviction entered in the Superior Court of Harris County, Georgia.  *Id*. at 1.

### DISCUSSION

Title 28 U.S.C. § 2241(d) provides, in pertinent part:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).  Thus, petitions for writ of habeas corpus brought under 28 U.S.C. § 2254 may be filed either in the federal district court for the district of the state court of conviction or the federal district court in the district of incarceration in that state.

Perkins was convicted in Harris County, Georgia, and is incarcerated at Central State Prison in Macon, Georgia. Harris County and Macon both fall within the Middle Judicial District of Georgia. Consequently, this court does not have jurisdiction to entertain Taylor's § 2254 petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Taylor is proceeding *pro se* and seeks habeas corpus relief, the court finds it would be in the interest of justice to transfer this case to the United States District Court for the Middle District of Georgia under § 1631.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Middle District of Georgia under 28 U.S.C. § 1631.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before June 30, 2015. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of June, 2015.

       /s/Charles S. Coody
       CHARLES S. COODY
       UNITED STATES MAGISTRATE JUDGE